UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

COYE L. WELLS,    :
                  :
    Plaintiff,    :
                  : NO. 1:08-CV-00837
                  :
  v.              :
                  : **OPINION AND ORDER**
                  :
CSX TRANSPORTATION INC.,  :
                  :
    Defendant.    :
                  :

This matter is before the Court on Defendant's Motion for Summary Judgment (doc. 24), Plaintiff's Memorandum in Opposition (doc. 29) and Defendant's Reply (doc. 31).

**BACKGROUND**

This case involves Defendant's alleged violations of the Federal Employer's Liability Act ("FELA") 45 U.S.C. §§ 51-60, based on the Federal Safety Appliance Act ("FSAA"), 49 U.S.C. §§ 20301-06 and the Locomotive Inspection Act ("LIA"), 49 U.S.C. §§ 20701 et seq. (formerly the Boiler Inspection Act, 45 U.S.C. § 23) (doc. 1). Both statutes impose a number of safety requirements on railroads, which are actionable under FELA. O'Donnell v. Elgin, Joliet & E. Ry. Co., 338 U.S. 384, 390-91 (1949), Lilly v. Grand Truck Western R.R. Co., 317 U.S. 481 (1943). Plaintiff claims Defendant failed to provide him a safe place to work and thus violated FELA after he tripped at the unlit juncture of two locomotive platforms, when the

one which he was walking to was six inches higher than that from which he was coming (Id.).

Defendant filed its motion for summary judgment on December 31, 2009, contending that Plaintiff could not show it was negligent, that it complied with the applicable safety regulations because it had continuous safety chains along the platforms, and there was no defect in the gap between the platforms, which Plaintiff had traversed in the daylight hours before his fall (doc. 24). Plaintiff has responded (doc. 29), and Defendant replied (doc. 31) such that this matter is ripe for the Court's consideration.

**ANALYSIS**

**I. Summary Judgment Standard**

The narrow question that this Court must decide on a motion for summary judgment is whether there exists a "genuine issue as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Supreme Court elaborated upon the appropriate standard in deciding a motion for summary judgment as follows:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. Id. at 321; Guarino v. Brookfield Township Trustees, 980 F.2d 399, 405 (6th Cir. 1992); Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989). If the moving party meets this burden, then the non-moving party "must set forth specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see Guarino, 980 F.2d at 405.

As the Supreme Court stated in Celotex, the non-moving party must "designate" specific facts showing there is a genuine issue for trial. Celotex, 477 U.S. at 324; Guarino, 980 F.2d at 405. Although the burden might not require the non-moving party to "designate" facts by citing page numbers, "'the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the non-moving party relies.'" Guarino, 980 F.2d at 405 (quoting Inter-Royal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989), cert. denied, 494 U.S. 1091 (1990)).

Summary judgment is not appropriate if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Conclusory allegations, however, are not sufficient to defeat a motion for summary judgment. McDonald v. Union Camp Corp., 898 F.2d 1155, 1162 (6th Cir. 1990). Furthermore, the fact that the

non-moving party fails to respond does not lessen the burden on the moving party or the court to demonstrate that summary judgment is appropriate. Guarino, 980 F.2d at 410; Carver v. Bunch, 946 F.2d 451, 454-55 (6th Cir. 1991).

**II. Discussion**

    **A. Defendant's Motion for Summary Judgment**

Defendant seeks summary judgment because in its view (1) Plaintiff cannot show it was negligent, and (2) Plaintiff has shown no violations of the LIA, the FSAA, or the regulations promulgated under such acts. As for its first argument, Defendant contends that under the provisions of the Federal Employer's Liability Act ("FELA"), 45 U.S.C. § 51, an employer is not the insurer of the safety of his employees while they are on duty, but rather is only liable for negligence (Id.). Under its theory that Plaintiff must prove it negligent, Defendant argues that it could not have reasonably anticipated Plaintiff would have tripped as he walked between the two platforms, because he had already crossed the platforms earlier in the day (Id.). Defendant contends it cannot be charged with negligence for failing to anticipate Plaintiff's own negligence (Id.). In Defendant's view, Plaintiff's injury was not reasonably forseeable, and no reasonable juror could hold it liable for failing to warn Plaintiff about the platforms (Id. citing Long v. CSX Transporation, Inc., 849 F. Supp. 594 (S.D. Ohio 1993), Reddell v. Missouri Pacific R.R. Co., 238 Ark. 753, 384 S.W.2d 486

-4-

(1964)).

Defendant next argues that Plaintiff has failed to prove a violation of the LIA, the FSAA, or any of the applicable regulations (Id.). Defendant contends there is no prohibition against the use of locomotives with platforms of differing heights, nor any requirement that locomotives be similar when coupled together (Id.). Citing 49 C.F.R. § 229.119(e), Defendant contends the only requirement is that the locomotives "have a means of safe passage between them," which in its view is satisfied with the passageway has either solid handrails or safety chains (Id., citing the Federal Railroad Administration Motive Power and Equipment Compliance Manual, available at http://www.FRA.dot.gov/us/content/1248). As there is no dispute that the passageway where Plaintiff tripped had safety chains in place at the time of Plaintiff's accident, Defendant contends it complied with the regulations (Id.). In essence, Defendant argues, Plaintiff has failed to show that its locomotives were defective, and therefore he cannot establish a violation of the LIA (Id.).

**B. Plaintiff's Response**

Plaintiff responds that the FELA is liberally interpreted, that Defendant had a duty to provide Plaintiff with a safe place to work, and that the Court must give him, the non-moving party, deference when reviewing Defendant's motion for summary judgment (doc. 29). Plaintiff proffers an expert report of a former Federal

-5-

Railroad Administration official, Michael J. O'Brien, who served the FRA for 19 years as a safety inspector, and later six years as a safety specialist (Id.). O'Brien's report states Defendant failed to provide a safe passageway between the locomotives due to the vertically misaligned platforms and poor lighting, and that such failure amounts to a violation of the LIA and FELA (Id.). O'Brien opined that a flashlight does not serve as adequate illumination, but that the locomotives themselves must provide lighting for the passageways (Id.).

Plaintiff argues Defendant is wrong in its view that the presence of safety chains shows it complied with the regulations (Id.). Plaintiff contends that the deficient lighting and platform height disparity rendered the locomotives unsafe to operate without unnecessary peril to life or limb (Id. citing 49 C.F.R. § 229.7). The presence of chains is insufficient, contends Plaintiff, unless the passage is also safe (Id.). As such, even with chains, Plaintiff argues Defendant's locomotives violated Federal Railroad Administration regulations and therefore the LIA (Id.).

Plaintiff concludes that a reasonable jury could find Defendant violated the LIA, violated several regulations promulgated by the Federal Railroad Administration, and was negligent per se and generally negligent for failing to properly inspect the locomotives, discover the tripping hazard, and failing to warn Plaintiff of the conditions and eliminate them (Id.). The evidence in this case,

including O'Brien's expert report, contends Plaintiff, is not so one-sided that Defendant should prevail as a matter of law (Id.).

### C. Defendant's Reply

Defendant replies that the Court should exclude the O'Brien report as unsworn and untimely (doc. 31). Defendant contends that at the time of the filing of its motion for summary judgment, the pending trial date was April 13, 2010, and under Rule 26(a)(2)(C), a disclosure of expert testimony must be made at least 90 days before trial date (Id.). Defendant further replies that Plaintiff invokes too liberal of a standard in its view of FELA by suggesting that his burden is "one of slight negligence, minimal negligence, and even infinitesimal negligence" (Id.). Defendant suggests that Plaintiff's case is based on speculation rather than proof, and contends there is no specific regulation regarding a gap between locomotive platforms (Id.). Defendant again places the blame on Plaintiff, who in its view, should have paid better attention to his own safety, and who, in its view was responsible for inspecting the locomotives for safety (Id.).

### D. Analysis

As an initial matter the Court squarely rejects Defendant's arguments regarding the O'Brien report. Not only does Defendant misstate the actual trial date at the time it filed its motion as April 13, 2010, when it was actually May 4, 2010, (see doc. 23), Defendant clearly ignores the record. Due to the death

of Plaintiff, the Court set a conference on February 3, 2010, at which time it vacated the trial date and directed the Plaintiff estate to file a response by April 5, 2010. Plaintiff filed its response well in advance of such date, and similarly alerted Defendant about its use of Mr. O'Brien in mid-March 2010. At such time there was no trial date set. Indeed the Court indicated in February 2010 that it would reschedule the trial, if necessary, in its Order on Defendant's motion for summary judgment (doc. 28). Defendant's argument is overreaching. Under these circumstances the Court cannot find a violation of Rule 26 for failure to disclose expert testimony in a timely manner. To the extent that the report is unsworn, such defect can be remedied, and certainly Mr. O'Brien's long experience with the F.R.A. shows him to be a competent witness regarding applicable regulations.

There is no question that a FSAA or LIA violation is <u>per se</u> negligence in a FELA suit, such that if the injured employee shows any such violation, the railroad is strictly liable for any injury resulting from the violation. <u>O'Donnell v. Elgin, Joliet & E. Ry. Co.</u>, 338 U.S. 384, 390-91 (1949). Defendant clearly has a duty to inspect all cars so as to protect its employees and provide a safe place to work. <u>Shenker v. Baltimore & Ohio Railroad Co.</u>, 374 U.S. 1, 8-10 (1963). Moreover, the LIA requires that a railroad's locomotives must be "in proper condition and safe to operate without unnecessary danger of personal injury." 49 U.S.C. § 20701(1). The

Court further agrees that a finding of negligence is supported if there is any evidence that the railroad's negligence "played any part, even the slightest, in producing" the injury (Id. citing Rogers v. Missouri Pacific RR Co., 352 U.S. 500, 506 (1957)).

Under the applicable standard, the Court finds well-taken Plaintiff's position that a reasonable jury could find that a poorly lit passageway of misaligned platforms could constitute an unnecessary peril to life or limb in violation of the LIA. 49 C.F.R. § 229.7. Because such a potential violation amounts to per se negligence as a matter of law, the secondary question of whether Plaintiff was comparatively negligent, in no way insulates Defendant from the initial question of its liablity. Urie v. Thompson, 337 U.S. 163, 189 fn.30 (1949)(contributory negligence not a bar to negligence action under FELA, but rather is available in dimunition of damages). Defendant can certainly argue before the jury that its safety chains ensured a safe passageway, and the jury can make the factual determination whether the passageway Plaintiff traversed was indeed a safe one.

The Court notes that in his briefing Plaintiff did not pursue his claims under the FSAA, which he appears to have abandoned in favor of the LIA claim.[1] Plaintiff's case is about the safety

---

[1]The Federal Safety Appliance Act requires that railroad cars be safely equipped with train brakes, efficient hand brakes, secure running boards, handholds, grab irons, sill steps and ladders. Couplers must function so they can couple and uncouple automatically without an employee needing to go between the ends

of the walkway between locomotives, an issue falling under the LIA. Plaintiff brings no Complaint concerning any of the various equipment covered by the FSAA. Defendant correctly argues therefore that Plaintiff has not brought a viable FSAA claim, and therefore Defendant is entitled to partial summary judgment as to such claim.

**CONCLUSION**

The Court does not find Defendant's view correct that it is entitled to summary judgment on Plaintiff's LIA and negligence claims. To the contrary, the Court finds a reasonable jury could conclude that Defendant failed to provide a safe passageway between the two locomotives, which at least contributed in part to Plaintiff's injury. Rogers, 352 U.S. 500, 506. However, the Court concludes Plaintiff has conceded that he has no Federal Safety Appliance Act claim, and Defendant is entitled to summary judgment as to such claim.

Accordingly, the Court hereby GRANTS IN PART and DENIES IN PART the Motion for Summary Judgment of Defendant CSX Transportation, Inc., (doc. 24), such that Plaintiff's claims for negligence and for violation of the Locomotive Inspection Act are viable for presentation to a jury, while Plaintiff's claims pursuant to the FSAA are dismissed. The Court SCHEDULES the final pretrial conference in this matter for November 3, 2010, at 2:00 p.m., and

---

of cars. The FSAA also requires sound air hoses, air reservoirs, connecting pipes, and braking systems. 49 U.S.C. § 20302.

SETS the three-day jury trial for December 7, 2010, on an on-deck basis.

       SO ORDERED.


Dated: September 16, 2010     /s/ S. Arthur Spiegel

                                    S. Arthur Spiegel
                                    United States Senior District Judge